ROBERT W. FRASER, complainant-appellant,

*v.*

THE GREAT WESTERN SUGAR COMPANY, THE CACHE LAPOUDRE COMPANY, CLAUDE K. BOETTCHER, MERRITT W. GANO, ROYDEN K. MARSH, JOHN W. MOREY, WILLIAM L. PETRIKIN, FRED H. ROBERTS, MAHLON D. THATCHER, HORACE HAVEMEYER, CHARLES BOETTCHER, GERARD HUGHES and EDWIN MORRISON, defendants-respondents.

[Submitted February 4th, 1936. Decided May 14th, 1936.]

*Mr. Louis J. Platt* (*Mr. Harry Green,* of counsel; *Mr. Sidney S. Jaffe,* on the brief), for the complainant-appellant.

*Messrs. Wall, Haight, Carey & Hartpence* (*Mr. Albert C. Wall, Mr. G. Tracy Vought* and *Mr. Caldwell Martin,* of counsel), for the defendants-respondents.

Per Curiam.

This is an appeal from a decree of the court of chancery, advised by Vice-Chancellor Fielder, dismissing the bill of complaint in a suit against the Great Western Sugar Company, a New Jersey corporation (hereinafter called the "Sugar Company") and its directors, and the Cache LaPoudre Company, a Delaware corporation (hereinafter called the "New Company"), brought by the complainant, the holder of ten shares of the preferred stock of the Sugar Company out of a total of one hundred and fifty thousand shares of such stock. The complainant sought to attack as *ultra vires*, a completed transaction between the two corporations involving the acquisition by the Sugar Company of all of the capital stock of the New Company in consideration of the payment by the Sugar Company to the New Company of $9,000,000 of government securities (a part of the earned surplus of the Sugar Company) and the distribution by the Sugar Company of the stock of the New Company, *pro rata* to the common stockholders of the Sugar Company. The bill charged that the transaction was not only *ultra vires* the Sugar Company but also that the withdrawal of the $9,000,000 from the earned surplus (amounting to about $30,000,000) seriously impaired the ability of the Sugar Company to assure dividends to preferred stockholders in the future and also greatly diminished its assets in which all stockholders, preferred and common, were entitled to share in liquidation of the company; and further impaired its working capital and was without consideration and a fraud on the stockholders.

The relief prayed was that the defendants be decreed to dissolve, or caused to be dissolved, the New Company and to restore the $9,000,000 to the Sugar Company, or in the alternative that the individual defendants be decreed to restore such amount to the Sugar Company.

Although the bill was filed by complainant in behalf of himself and all other stockholders of the Sugar Company, who might join therein, no other stockholder joined in complainant's suit.

The learned vice-chancellor, in an opinion unreported but

filed July 31st, 1935, in the office of the clerk of the court of chancery, found against the complainant on the merits of the case, and also further held that by waiting from November 15th, 1933, when he was notified of the contemplated plan, until April 10th, 1934, before taking any action to prevent the consummation thereof, complainant was guilty of laches.

Our examination of the pleadings and proofs presented leads us to the conclusion that the bill of complaint was properly dismissed because of the complainant's laches in bringing his suit.

The decree is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.